```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-61451-CIV-DIMITROULEAS
                                    MAGISTRATE JUDGE P.A. WHITE

PAUL EDWARD SANDERS, JR.,       :

        Plaintiff,              :       REPORT OF
                                        MAGISTRATE JUDGE
v.                              :

LOREN COHEN, ET AL.,            :

        Defendants.
_____  :
```

## I. Introduction

The plaintiff Paul Edward Sanders, Jr. has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1].
This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

>             *   *   *
>
> (B) the action or appeal –
>
>             *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

The plaintiff raises two sets of claims.  First, although not entirely clear, he appears to allege that he was forced to participate in a substance abuse program, possibly twice, solely because the corrections facility desired to receive state funds.  Second, he raises a confusing claim concerning the calculation of restitution that was deducted from his inmate account apparently pursuant to his criminal sentence.  The plaintiff seeks an order directing the defendants to return funds to the state; and he seeks compensatory damages for "mental and physical stress endured" and reimbursement of certain funds withdrawn from his inmate account.

The plaintiff has not raised any claims that may be litigated in a federal civil rights action.  The dispute regarding the calculation of funds to be withdrawn from his inmate account are not cognizable in a federal lawsuit pursuant to §1983 but may be raised in a tort action under state law.  See Parratt v. Taylor, 451 U.S. 527, 544 (1981) (overruled in part not relevant here, by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). In Parratt v. Taylor, supra, the United States Supreme Court held that a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise under 42 U.S.C. §1983 to a procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy. After the ruling in Daniels, supra, which in part overruled Parratt, the Court of Appeals for this Circuit has held, in the context of a §1983 action involving an arrest-related seizure and retention of property (a vehicle, cash, and jewelry), that where the plaintiffs had adequate postdeprivation remedies, no procedural due process violation had occurred, whether or not forfeiture

proceedings were ever initiated. Lindsey v. Storey, 936 F.2d 554, 561 (11 Cir. 1991) (citing Parratt v. Taylor and Hudson v. Palmer, supra).

The State of Florida has provided a tort claims procedure which may be utilized to recover damages for property losses. Fla.Stat. §768.28 (1987). This procedure is available to inmates in the Florida Department of Corrections and in county jail facilities. West v. Wainwright, 380 So.2d 1338 (Fla. 1 Dist. 1980); White v. Palm Beach County, 404 So.2d 123 (1981). Thus, unless the deprivation of property has occurred as the result of an established unlawful state procedure, the existence of the state remedy precludes the availability of §1983 relief for negligent or intentional deprivation of personal property. Hudson v. Palmer, Parratt v. Taylor, and Lindsey v. Storey, supra.

The plaintiff has not set forth a cognizable constitutional claim with regard to forced placement in a substance abuse program. Courts have concluded that non-religious based mandatory programs are constitutional, finding that a rational relationship exists between the required participation in the substance abuse treatment programs and the important governmental interests in reducing drug dependency of inmates, reducing recidivism, providing treatment with the best chance for success inside and outside the prison system, and increasing security. See, e.g. Boyd v. Coughlin, 914 F.Supp. 828, 834 (N.D.N.Y. 1996). Additionally, courts have held that mandatory participation in such a program is not an atypical and significant hardship in relation to ordinary prison life. Ross v. Keelings, 2 F.Supp.2d 810, 815 (E.D.Va. 1998)("Indeed, rehabilitation programs are commonplace at all correctional facilities. Otherwise, a facility would never achieve its goal of returning inmates to society as law abiding citizens.").

Further, to the extent the plaintiff seeks compensatory damages, his claims are barred by 42 U.S.C. §1997e(e) because the plaintiff fails to allege that he suffered any physical injury as a result of the alleged constitutional violation.

### III. Conclusion

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 15th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Paul Edward Sanders, Jr., Pro Se
     No. H06968
     South Florida Reception Center
     14000 N.W. 41st Street
     Doral, FL 33178-3003